**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAZZ ANDRE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HARMON,<br><br>　　　　　Defendant. | Case No.: 1:21-cv-00143-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |

Plaintiff Chazz Andre Jackson is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed February 4, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Correctional officer J. Harmon failed to inventory and store Plaintiff's personal property upon his placement in work/privilege group C on October 2, 2019.

Plaintiff was moved to Facility C Building 4 with all of his personal property, after being designed work/privilege group C. Plaintiff's person was not searched nor was his disallowable personal property stored away for safe keeping by officer J. Harmon. The day Plaintiff moved into Building 4, he verbally requested J. Harmon inventory and store his disallowable property away until Plaintiff's time on work group C was over. However, Plaintiff's effort was to no avail. J. Harmon maliciously ignored Plaintiff's pleas to comply with CDCR's procedure to store away his personal property.

On December 19, 2019, an incident occurred at Kern Valley State Prison involving Plaintiff and officer J. Harmon. As a result of the incident, Plaintiff was placed in a secure holding cell and search by staff. Plaintiff's cell was also searched out of his presence by officer A. Licea. Licea them

completed and signed a CDCR 1083 form "Inmate Property Inventory Sheet," which Plaintiff refused to sign. Plaintiff refused to sign because he noticed multiple items that were in his cell with him prior to the incident on December 19, 2019, were not indicated on the completed 1083 form. The 1083 form also contradicted Plaintiff's listed possessions on his CDCR 160-H property card on file at the time of the incident.

On December 26, 2019, Plaintiff filed an inmate appeal and claimed that his property was missing and/or destroyed and that officer J. Harmon was responsible.

On February 18, 2020, Plaintiff's appeal was denied, but it was noted that J. Harmon erred in failing to inventory and stored Plaintiff's personal property on the day he was reclassified to work group C, i.e. October 2, 2019.

On July 10, 2020, Plaintiff's appeal was denied at the third and final level of review.

Plaintiff contends that J. Harmon failed to inventory and store his disallowable property pursuant to established procedure as set forth in California Code of Regulations, title 15, section 3190.

### III.
### DISCUSSION

**A.   Loss of Personal Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff complains that Defendant J. Harmon failed to inventory his property pursuant to established state procedure which resulted in the loss and/or destruction of his personal property. However, Plaintiff has no cognizable due process claim with respect to Defendant Harmon's allegedly unauthorized deprivation of his personal property, whether intentional or negligent, since a meaningful state post-deprivation remedy for his loss is available to him. See Hudson, 468 U.S. at

3

533. California's tort claim process provides that adequate post-deprivation remedy. <u>Barnett v. Centoni</u>, 31 F.3d at 813, 816-17 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); <u>see also</u> <u>Teahan v. Wilhelm</u>, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); <u>Kemp v. Skolnik</u>, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to <u>Hudson</u> and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

### B.     Leave to Amend

A *pro se* litigant is entitled to receive notice of the deficiencies in the complaint and an opportunity to amend before dismissal with prejudice is appropriate, unless the deficiencies cannot be cured by amendment. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.2000) (*en banc*).

Plaintiff's allegations involve an allegedly negligent or intentional failure to inventory his personal property, which resulted in its unauthorized deprivation. Because such a claim is not cognizable under section 1983, leave to amend would be futile and shall be denied. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (leave to amend would be futile and need not be granted as the defects in his pleading are not capable of being cured through amendment.)

### IV.
### CONCLUSION AND RECOMMENDATION

For the reasons stated above, Plaintiff fails to state a cognizable claim for relief and leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections

4

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2021**

UNITED STATES MAGISTRATE JUDGE